IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNIVERSITY OF NEW HAMPSHIRE, | : | CASE NO. |
| a New Hampshire Corporation, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| CUTLER ASSOCIATES, INC., | : | |
| a Massachusetts Corporation, | : | |
| | : | |
| Defendant | : | |

## COMPLAINT FOR DAMAGES BASED UPON NEGLIGENCE, BREACH OF CONTRACT, AND BREACH OF WARRANTIES

Plaintiff, University of New Hampshire (hereinafter "Plaintiff"), by and through its

attorneys of record, Sherman Law, PLLC, for its Complaint against Defendant, Cutler

Associates, Inc. (hereinafter "Defendant"), alleges and states as follows:

### I.   PARTIES

1.   Plaintiff is a New Hampshire corporation with its principal place of business

located at Thompson Hall, Main Street, Durham, New Hampshire 03824.

2.   Defendant is a Massachusetts corporation with its principal place of business

located at 43 Harvard Street, Worcester, Massachusetts 01615.

### II.   JURISDICTION AND VENUE

3.   The incident which forms the basis of this lawsuit occurred on January 16, 2009

at a property known as the North and South Towers on Gables Way in Durham, New Hampshire

(hereinafter the "Property") owned by the University of New Hampshire.

4.   At all times relevant to this lawsuit, Plaintiff was authorized to conduct business

in the state of New Hampshire.

5.    Defendant is in the business of the designing, engineering, supplying, and constructing buildings for commercial organizations. The Defendant designed, engineered, supplied, and constructed the Property at the University of New Hampshire.

6.    The damages sought in this Complaint arose out of the water damage caused by the rupture of the sprinkler system at the Property.

7.    The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8.    Jurisdiction in this case is based upon diversity of citizenship of the parties and the amount in controversy pursuant to 28 U.S.C. § 1332.

9.    Venue in this lawsuit is proper in the United States District Court for the District of New Hampshire pursuant to 28 U.S.C. § 1391(a)(2) because events giving rise to this lawsuit occurred in this District.

### III.   FACTS

10.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

11.    Plaintiff retained Defendant to construct the Property which was to be an apartment complex for students of the University.

12.    Defendant thereafter undertook to design, engineer, and construct the Property.

13.    The Property consists of two five story structures with an attic and each contains approximately forty dormitory rooms.

14.    Defendant was paid for the work performed by it in constructing the Property.

15    Defendant failed to insulate the pipes connecting the sprinkler heads in both attics of the Property.

16.    According to a change order from 2006, Defendant was supposed to insulate the pipes in the attics of the Property but it failed to do so.

2

17.    The failure of Defendant to properly insulate the pipes connecting the sprinkler heads exposed the Property to damage due to the low temperatures common to the New England region.

18.    The pipes the Defendant failed to insulate were located in the attics of the Property and these pipes froze and ruptured on January 16, 2009.

19.    The ruptured pipes resulted in water running throughout the Property, causing substantial damage to the building interior architectural components, building systems, the personal property of Plaintiff, and student personal property.

20.    The Defendant was notified of the ruptured pipes and the damage to the Property.

21.    The damages sustained by the Plaintiff were in the amount of not less than $567,768.26.

## IV.    CAUSES OF ACTION

### A.  Negligence

22.    Plaintiff realleges all preceding paragraphs as though fully set forth herein.

23.    The subject incident was caused by the negligence, carelessness, recklessness, and/or gross negligence of the Defendant, its subcontractors, agents, servants, and its employees acting within the scope of their employment, as follows:

(a)    failing to properly and adequately train and supervise its agents, servants, representatives, workmen, employees and/or subcontractors to ensure that proper and safe means and methods were used while the Property was under construction;

(b)    failing to properly and safely perform construction activities, including the installation of insulation in the Property, thereby increasing the risk of hazards occurring thereto, including water damage;

(c)    failing to properly, adequately, and safely design, engineer, construct install and/or select insulation in the Property;

(d)      failing to perform its work and services in accordance with the terms conditions and provisions of all applicable written and/or oral contracts, agreements, plans, and specifications;

(e)      violating codes, statutes, regulations, ordinances, and industry standards during the construction of the Property, including but not limited to, failing to install insulation in the attics of the Property which was called for in the architectural and/or structural drawings;

(f)      failing to advise the Plaintiff that no insulation was installed around the pipes in the attics of the Property;

(g)      failing to properly complete the selection and installation of the insulation in the Property so as to comply with the architectural and/or structural plans and prevent an unreasonable risk of harm to the Plaintiff and its property;

(h)      permitting dangerous and defective conditions to exist on the Property which created an unreasonable risk of harm to the Plaintiff and its property;

(i)      failing to exercise proper and adequate care when selecting and installing insulation to the pipes in the Property;

(j)      failing to properly and adequately inspect the installation of insulation;

(k)      failing to use all due care and skill under the circumstances; and

(l)      such other and further particulars as may be determined during the course of discovery

24.      As a direct and proximate result of Defendant's negligent, careless, and reckless acts and/or omissions, the pipes ruptured resulting in extensive damages to the property of Plaintiff and others, which damages are not less than $567,768.26.

### B. Breach of Contract/Breach of Warranties

25.      Plaintiff realleges all preceding paragraphs as though fully set forth herein.

26.      Defendant contracted with the Plaintiff for the design and construction of the Property. The contract was duly executed and signed by the representatives of Plaintiff and Defendant on December 16, 2004. See Exhibit "A" attached hereto.

27.    The contract required the Defendant to construct the Property. Specifically, the "Contractor shall perform the Work in accordance with the Contract Documents." Id. Work includes "the construction and services required by the Contract Documents . . . and includes all other labor, materials, equipment and services provided or to be provided by the Contractor to fulfill the Contractor's obligations." Id.

28.    By undertaking to perform this work and service, Defendant expressly and impliedly warranted that it would perform its work and services in a good, safe and workmanlike manner.

29.    Defendant breached the contract for the construction of the Property, as well as express and implied warranties, because it failed to design and install adequate insulation around the pipes connecting the sprinkler heads in the attics of the Property.

30.    As a direct result of Defendant's breaches of contract and warranties, the pipes ruptured resulting in damages to the property of Plaintiff and others, which damages are not less than $567,768.26.

## V.    JURY DEMAND

Plaintiff demands a jury trial on all claims so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, University of New Hampshire, prays for judgment against Defendant, Cutler Associates, Inc., as follows:

1.    For damages in an amount to be proven at time of trial, but not less than $567,768.26;

2.    For prejudgment interest as allowed by law from the date of the incident up until the date of judgment herein; and

3.    For such other and further relief as the Court deems just and equitable.

Respectfully submitted,

SHERMAN LAW, PLLC
Attorneys for Plaintiff,
University of New Hampshire


Date: 8/6/2009                    BY:   /s/ John P. Sherman
                                        JOHN P. SHERMAN, Bar No. 12536
                                        Sherman Law, PLLC
                                        155 Fleet Street
                                        Portsmouth, NH  03801
                                        (603) 570-4837
                                        (603) 570-4848 Facsimile


OF COUNSEL:

Daniel C. Theveny, Esquire
COZEN O'CONNOR
The Atrium, Third Floor
1900 Market Street
Philadelphia, PA  19103
Telephone:  215-665-2000
Fax:  215-665-2013
dtheveny@cozen.com

6